IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES M. DEVONE, SR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00206 |
| | ) | |
| LOUIS S. DEVONE, JR, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

TILLEY, Chief Judge

This case arises from a dispute between Plaintiff James M. DeVone, Sr. and Defendant Louis S. DeVone, Jr.[1] regarding the administration of the estate of their mother, Ms. Irene DeVone. This matter is currently before the Court on the following matters: (1) Plaintiff's Motion to Stay Order of the Durham County Superior Court [Doc. #7]; (2) Defendant's Motion to Dismiss [Doc. #8]; (3) Plaintiff's Motion for Intervening Attorney to Certify Appellate Capabilities [Doc. #10]; (4) Plaintiff's Motion to Strike Defendant's Answer/Motion to Dismiss [Doc. #14]; and (5) Defendant's Motion for Sanctions [Doc. #19].

I.

The facts in the light most favorable to the Plaintiff are as follows: Plaintiff James M. DeVone, Sr. and Defendant Louis S. DeVone, Jr. are both sons of the

---

[1] Although Plaintiff refers to "Louis S. DeVone, Jr., et al" in his Complaint and other pleadings, he gives no indication of the identity of any other parties he is including as defendants in this case.

late Ms. Irene DeVone. (Compl., Ex. A.)  Plaintiff is an entrepreneur and a "Disabled Vietnam Era Veteran Pensioner." (Compl. ¶ 4.)  Defendant is a retired tobacco factory employee. (Id. ¶ 5.)  Their mother, Ms. Irene DeVone passed away in October of 2002. (Compl. ¶ 8.)

After Ms. DeVone passed away, Defendant and his sister, Ms. Shirley DeVone Currington filed a Complaint, on January 28, 2004, in Durham County Superior Court (04-CVS-00342) against James M. DeVone, Sr.  In their Complaint, they requested that the court (1) re-deed Ms. DeVone's house, located at 1827 Nixon Street, Durham, North Carolina 27707, to them and declare that James M. DeVone, Sr. has no interest in said house; (2) award punitive damages in excess of $10,000.00; and (3) award any other further relief to which Plaintiffs are entitled. (Compl., Ex. D.)  On February 17, 2005, a default judgment was entered against James M. DeVone, Sr. by Judge Orlando F. Hudson, Jr., the presiding judge in Durham County Superior Court. (Compl., Ex. J.)

On March 7, 2005, Plaintiff James M. DeVone, Sr. then filed a Complaint in this Court against Louis S. DeVone, Jr. [Doc. #2] alleging violations of his rights under the First and Fourteenth Amendments to the Constitution of the United States; Civil Rights statutes 42 U.S.C. § 1982, 42 U.S.C § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986; the Racketeer Influenced and Corrupt Organizations Act ("RICO") statutes 18 U.S.C § 1965(d) and 18 U.S.C. § 1962(d); and 18 U.S.C. § 1503 which prohibits the obstruction of justice.  Plaintiff contends that federal

2

court jurisdiction over this case is present under 28 U.S.C. § 1331. (Compl. ¶ 2.)

On March 21, 2005, Defendant filed a Motion to Dismiss for lack of federal jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. #8].

II.

Defendant first requests that Plaintiff's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; they can hear only cases authorized by the Constitution or by statute. See U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1330-1368. Unless the case involves specialized issues such as admiralty or patents, a federal district court typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied. In this case, Plaintiff's Complaint alleges that all parties are citizens of North Carolina. As there is no diversity of citizenship, federal question is the only potential ground for the proper exercise of federal subject matter jurisdiction.

Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has explained that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's

3

right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841 (1983). Defendant contends that the Plaintiff's complaint fails to allege facts upon which jurisdiction can be based. Thus, the facts alleged in the complaint are assumed to be true and the question becomes whether they are sufficient to support jurisdiction in this Court. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (explaining that when a party contends that a complaint "simply fails to allege facts upon which subject matter jurisdiction can be based . . . all of the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration").

Plaintiff here has cited both the Constitution of the United States as well as numerous federal statutes which he contends have been violated by Defendant. The underlying factual basis for Plaintiff's claims, however, is the administration of the estate of his late mother, Ms. Irene DeVone. North Carolina General Statute § 28A-2-1 vests exclusive jurisdiction over the administration, settlement and distribution of a decedent's estate with the Clerk of Superior Court and "[t]he law is well settled that the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts." Foster v. Carlin, 200 F.2d 943, 947 (4th Cir. 1953); see also Rosenberg v. Baum, 153 F.2d 10, 12 (10th Cir. 1946); Blakemon v. Conroy, 512 F.Supp. 325, 328 (E.D.N.Y. 1981); Akrotirianakis v.

4

Burroughs, 262 F.Supp. 918, 921 (D. Md. 1967).

Plaintiff also states that by "entering false, slanderous, libelous and defamatory allegations in the Durham County Superior Court Complaint" against him, the Defendant and Defendant's attorney have violated his rights guaranteed by the First and Fourteenth Amendments. (Compl. ¶ 15.). However, the First and Fourteenth Amendments, as well as the Civil Rights statutes cited by Plaintiff, apply to actions by federal or state governments, and not actions by private citizens. See U.S. Const. amend. I ("*Congress* shall make no law. . . abridging the freedom of speech") (emphasis added); U.S. Const. amend. XIV, § 1 ("No *State* shall . . . deprive any person of life, liberty, or property without due process of law. . . .") (emphasis added); Denver Area Educ. Telecomm. Consortium, Inc. v. F.C.C., 518 U.S. 727, 737, 116 S.Ct. 2374 (1996) (stating that the terms of the First Amendment apply only to governmental action); National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S.Ct. 454 (1988) ("As a general matter the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights.") (citations omitted). Thus, Plaintiff fails to allege facts sufficient to support a claim under either the United States Constitution or 42 U.S.C § 1981 *et seq*.

Plaintiff also briefly mentions in his Complaint that he:

[H]as been viciously harassed by various individuals, for over a thirty (30) years [sic] period of time, affecting his "Life, Liberty and Property" Rights, including being harassed by employees of the Durham county department of Social Services (Durham Co. Social

5

Services vs. James M. DeVone, Durham Co. District Court, 1985, Judge Orlando Hudson, presiding, and James M. DeVone, Sr. vs. Durham County Department of Social Services, United States District Court for the Middle District of North Carolina, Greensboro, North Carolina, in the matter of Plaintiff having started the "First African American Centered Home School In The State of North Carolina").

(Compl. ¶ 1.) However, Plaintiff provides no further information to support his claim that his rights were violated by a state or federal entity. Although the Federal Rules of Civil Procedure establish liberal pleading requirements, a plaintiff still has the burden in drafting his complaint to "set forth facts sufficient to allege each element of his claim." Dickson v. Microsoft Corp., 308 F.3d 193, 213 (4th Cir. 2002), *cert. denied*, 539 U.S. 953 (2003). While a court must assume the truth of a plaintiff's factual allegations at the motion to dismiss stage, it is not required to accept any bare legal conclusions contained in the complaint. Taubman Realty Group P'ship v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003). Plaintiff here fails to allege any specific actions by any governmental entity or employee that could support his claims that his constitutional or statutory rights were violated.

Finally, Plaintiff alleges violations of federal RICO statutes 18 U.S.C § 1965(d) and 18 U.S.C. § 1962(d). To support this claim, Plaintiff states the following facts:

> Because there is evidence of criminal activities in the neighborhood where both Plaintiff and Defendants reside, along with the elderly mother of several lawyers, being located in the immediate residential area, along with the property of the world's second largest broadcasting conglomerate, Clear Channel Radio, Inc., to prevent further harm to the residents of that area, "Racketeer Influenced and Corrupt Organizations (R.I.C.O.) statutes should apply in this case

[sic]. (Compl. ¶ 14.).

Title 18 U.S.C. § 1962(d) makes in unlawful for any person employed by or associated with an enterprise engaged in interstate commerce, to conduct or participate in affairs of that enterprise through a pattern of racketeering activity or the collection of unlawful debt.[2] The facts cited by Plaintiff, however, do not satisfy the requirements for a claim under the federal RICO statutes.

Because Plaintiff has failed to set forth facts sufficient to state a cause of action under the Constitution, laws or treaties of the United States, federal question jurisdiction under 28 U.S.C. § 1331 is not present and this case will be dismissed. Franchise Tax Bd., 463 U.S. at 27-28.

III.

Defendant has also filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure [Doc. #19]. Defendant contends that Plaintiff's Complaint is frivolous and was brought "for purposes of among other things, harassment and needless increasingly [sic] the costs of litigation after the same subject matter has been litigated in the state courts of North Carolina." Additionally, Defendant cites to three previous cases in this Court – James M. DeVone, Sr. v. Shirley M. DeVone Carrington, Louis S. DeVone, Jr. and Irene B. DeVone, Case Number: 1:92CV00223; James M. DeVone, Sr. v. Shirley M.

---

[2] 18 U.S.C. § 1965(d), also cited by Plaintiff, provides only for the venue and process for filing a civil action or proceeding under the RICO statutes.

7

DeVone Carrington, Louis S. DeVone, Jr., Irene B. DeVone, and Nicholas Thin, Case Number: 1:92CV00308, and Irene B. DeVone v. James M. DeVone, Sr., Case Number: 1:92CV00343 – where he contends Plaintiff has brought similar actions alleging basically the same transactions or occurrences as those in the instant complaint. (Pl.'s Mot. for Sanction ¶ 1-3.) Under Rule 11, it is within the court's discretion to impose sanctions when a party takes actions which lack a reasonable foundation in fact or in law. See Van Arsdale v. Clemo, 825 F.2d 794, 798 (4th Cir. 1987). This includes the filing of frivolous or harassing lawsuits. See, e.g., Cass v. Richard Joshua Reynolds Tobacco Co., 1998 WL 834856, at *3 (M.D.N.C. Oct. 1, 1998) (sanctioning a plaintiff for filing a frivolous complaint that was not supported by existing law for the purpose of harassing the defendant). However, Defendant has not submitted adequate evidence in his motion to support the imposition of sanctions. Although Plaintiff instituted several actions in this Court in 1992, these were prior to the death of his mother, Ms. DeVone. Approximately thirteen years have passed since these previous cases were brought and the present action concerns estate matters arising since 2002. For this reason, Defendant has not made a showing that sanctions are applicable in this case.

IV.

As a result of the foregoing discussion, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. #8] will be

8

GRANTED, and this case will be DISMISSED.

Thus, Plaintiffs' Motion to Stay Order of the Durham County Superior Court [Doc. #7] will be DENIED; Plaintiff's Motion for Intervening Attorney to Certify Appellate Capabilities [Doc. #10] is rendered MOOT; and Plaintiff's Motion to Strike Defendant's Answer/Motion to Dismiss [Doc. #14] will be DENIED.

Additionally, Defendant's Motion for Sanctions Pursuant to Rule 11 [Doc. #19] will be DENIED.

This the day of February 13, 2006.

/s/   N. Carlton Tilley, Jr.
United States District Judge